Nichols, C. J.
The instant case involves a consideration and construction of Sections 8710 to *377 8718, inclusive, General Code, relative to the power and authority of the arbitrators selected in pursuance to the terms of these sections, and the effect of the award under such submission.
Sale of the property of. the defendant corporation, as an entirety, was had, the method strictly following the provisions of Sections 8710, 8711 and 8712, General Code.
Thereafter, the plaintiffs in error, stockholders in the corporation, proceeding under Section 8713, General Code, notified the company of their dissatisfaction with the terms of such sale and demanded in writing from the company payment for their stock.
No payment was made and arbitrators were selected to determine the value of the stock, such selection being had in accordance with the provisions of Section 8713.
An award was made by the arbitrators so selected, their finding being that the Hoffard stock was worth the sum of $1900, and the Keoler stock $2100.
The award not having been paid by defendant company, action at law was commenced to enforce its payment.
The supplemental petition filed recited the facts as above set forth, and attached thereto as an exhibit was the award so made. An intervening petition was filed by John Keoler covering his claim.
The arbitrators found that John Keoler, plaintiff in error, was the owner of twenty-eight shares of preferred stock in the company, of the par value of $100 each, and seven shares of its common stock *378 of the par value of $100 each. They also found that Frank and Annie Hoffard, also plaintiffs in error, were the owners of twenty-five shares of such preferred stock and six shares of its common stock.
Further finding was made to the effect that preferred stock of such company to the amount of $202,000 had been issued and fully paid for, and that common stock to the amount of $382,000 had also, been issued and delivered to the several stockholders, none of which had been paid for, it being expressly set forth in the award that the common stock had been given by the company to the preferred stockholders as a bonus.
It was likewise found and determined by the arbitrators that the company was insolvent and that the stock of the plaintiffs in error would be entirely without value, unless the unpaid amount due on the common stock should be treated as assets in the hands of the company.
They thereupon proceeded to import value to the preferred stock by finding that the common stock was assessable to the extent of its full face value, thereby presumptively placing in the treasury of the defunct corporation the sum of $382,000.
Proceeding with this as a basis they found that the value of the Keoler holdings was $2,100, being the $2,800 par value less $700 which would be due on the assessment on his holding of the seven shares of common stock. By a like mathematical calculation they determined the value of the Hoffard stock to be $1,900.
*379 It was also affirmatively found in the award that all of the indebtedness of the company had been assumed by the purchaser of its assets.
To this supplemental petition the defendant answered, setting up' several defenses, of which the court will take note of but three; namely, the second, third and fourth.
The second defense was to the effect that the award was null and void, and that, as appears on its face, it was contrary to law.
The third defense was to the effect that the award was null and void and also contrary to law for the reason that upon its face it appears that the complaining stockholders knowingly accepted the common stock as a bonus at the time they purchased their preferred stock, and that at the time of such purchase they likewise knew that all common stock previously issued was" acquired by the preferred stockholders in the selfsame manner.
The fourth defense was to the effect that the arbitrators exceeded their authority under the terms of the submission in attempting to assess or in assessing common stockholders of the corporation.
This answer was in legal effect a demurrer to the petition.
The first defense, with which, in view of the judgment hereinafter to be rendered, we are not concerned, admitted the appointment of the arbitrators, the fact that a meeting was had and testimony taken, and denied all the other allegations of the petition; it being in effect a general denial.
*380 Upon the filing of the answer, the complaining stockholders filed motion for judgment on the pleadings, and, the motion having been granted and judgment so entered, error was prosecuted to the court of appeals. Here the judgment of the superior court was reversed and the cause remanded for further proceedings according to law.
On motion to certify record the plaintiffs in error secured submission of the cause to the supreme court for review, the case being, in the opinion of this court, one of great general interest.
As is apparent from the above statement of the history of the case, it concerns the rights of holders of bonus or so-called “sweetened” stock, inter se. No rights of creditors are at all involved, as the claims of all such have been fully satisfied.
No rights as between participating and nonparticipating holders of such bonus stock are involved, as all are in the same position, except as to the degree of their participation, or, rather, as to the proportion of their holdings of the purely gratuitous stock.
Of course, were there not this inequality of holding, there could be no lawsuit; for if each holder of preferred stock had received the same or an equal amount of common stock there would be no advantage in the assessment, it simply being a case of paying in and then drawing out.
The fact that the plaintiffs in error received but one share of common for every four shares of preferred, while other and larger holders of the preferred received one share of common for each share of preferred, made the action worth while.
*381 It has been the almost universal holding of the courts of both the United States and England, that, as to subsequent creditors, the holders of common stock thus donated are liable for an accounting, the rule established being that the amount of the unpaid stock is to be deemed assets of the corporation for the benefit of creditors; although there are notable exceptions to this rule, the state of New York being the most conspicuous in this respect.
With somewhat like unanimity it has been held that a nonparticipating stockholder, who has not by his knowledge or acquiescence consented to the issuing of the bonus stock, may have his action to see that the face value of the unpaid stock is covered into the treasury of the corporation.
On the other hand, it has been pretty generally held that as to participating holders of such bonus stock there is no cause of action inter se, although no direct authority has been submitted where the participation, as in the instant case, was not on equal terms; this, on the well-settled principle of law that a party to an illegal contract cannot come into court of law and ask to have his illegal objects brought to fruition. The law, as it has been aptly epitomized, “leaves the parties where it finds them.” Neither the hard and fast rules of a court of law nor the more flexible customs of a court of equity can ordinarily be invoked for relief.
There are, however, exceptions to this rule, and the only one conceivable that could have application here is the rule that where parties are not in pari delicto relief may be given. It might be urged *382 that since there is a variation in the degree of participation in the illegal issue of common stock, there is likewise a variation in the degree of guilt; that since Hoffard and Keoler received one share only of illegal stock for every four shares of preferred, they do not stand in equal fault with those stockholders who received share for share. This theory would measure fault by the narrow rule of quantity of possession or extent of participation.
It is the well-established rule that parties to a contract, equal in wrong, can have no cause of action inter se, and when not equal in fault, before recovery can be had, there must generally be some showing of fraud. However, neither in the pleadings nor in the award is there the slightest suggestion of fraud, either active or constructive. There is no claim of duress, misrepresentation,' overreaching, or concealment of fact, the award having been made on the simple rule of the holding§ of the parties. When the plaintiffs in error took the common stock as a bonus, there is every reason to suppose they must have understood that the practice of adding a proportion of common to each purchase of preferred stock was the established custom of the company,' and their acceptance of it undér the circumstances implies knowledge of such a custom and is equivalent to an acquiescence on their part.
Therefore, unless there be some peculiar circumstances, none of which, however, are plead, they must be denied recovery from their fellows, on the principle of estoppel. The fact that their participation in the wrong was not equal in degree to *383 that of other stockholders is not in itself sufficient to warrant recovery against those who more largely participated in the wrongful issue.
The further claim is made by the plaintiffs in error that the award of the arbitrators is final, conclusive and unimpeachable.
Their position is that no defense whatever is maintainable, since the statute under which the award is made provides that in default of payment of the amount awarded suit may be entered against the company to recover such amount.
We feel that it is sufficient to say that the special arbitration proceedings under which the parties acted in this case specifically provide that the arbitration shall be conducted as provided by the law regulating arbitrations. See Section 8713, General Code.
Reference to the general arbitration statutes will disclose that if legal defects appear in the award the same may be set aside. See Section 12158, General Code. We clearly have here a case where legal defects appear on the face of the award.
Regardless of statute, any award where on its face manifest mistake of law is apparent is subject to be set aside by the courts.
Because it is unnecessary, we forego to pass on the question as to the power of the arbitrators to cut across corners and assess stockholders in the manner done under this submission.
It is the opinion of the court that under the facts disclosed by the pleadings and the award there is no right of recovery on the part of plaintiffs in error.
*384 The judgment of reversal of the court of appeals is therefore affirmed and the cause is remanded to the superior court with direction to dismiss the supplemental petition of Frank and Annie Hoffard and the intervening petition of John Keoler.

Judgment affirmed.

Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.